IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY WEBB,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-CV-02187-SPM** |
| **ILLINOIS DEPARTMENT OF NATURAL RESOURCES, et al.,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

This matter comes before the Court on a Complaint (Doc. 3) and three motions filed by *pro se* Plaintiff Terry Webb: a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), a Motion for Leave to Amend to Substitute Jane Done (Doc. 5), and a Motion for Service of Process at Government Expense (Doc. 6). Webb alleges that he was arrested by Defendants Sergeant Manker, Officer Don Schachner, and Officer Jacob Farrell of the Illinois Department of Natural Resources Conservation Police on Jomar Street in Smithton, Illinois on January 8, 2023. (Doc. 1, p. 3). He insists that this arrest was performed without a warrant, that he was detained for four hours, and that the offenses he was alleged to have committed "were never charged or later dismissed, demonstrating lack of probable cause." (*Id.*). He alleges that the criminal case remaining pending for over three years and that he ultimately "pled to two minor offenses solely to secure release from custody" and that he "lost his employment during the pendency of the case." (*Id.*). Plaintiff also alleges that he was arrested and incarcerated for nine days in March 2025 for failure to appear; Plaintiff states that

he "had broken both arms, was medically prohibited from driving, and notified both the court and his attorney." (*Id.*). He also claims that his fourteen-year-old son was questioned "at the child's mother's residence" without Plaintiff's consent. (*Id.*, p. 4). He also raises speedy trial, evidence suppression, and "financial irregularities" related to his bond and court records and states that he "was fined $1,000 and lost hunting privileges for three years, despite having no prior hunting violations." (*Id.*). Plaintiff's Complaint alleges seven counts: false arrest and unlawful seizure in violation of the Fourth Amendment, malicious prosecution in violation of the Fourth and Fourteenth Amendments, retaliation and abuse of process in violation of the First and Fourteenth Amendments, denial of due process under the Fourteenth Amendment, "improper contact with minor" under the Fourteenth Amendment, "unlawful deprivation of property" under the Fourteenth Amendment, and a count comprised of "state law claims" including "false imprisonment, malicious prosecution, abuse of authority, and intentional infliction of emotional distress. (*Id.*, pp. 4–6). He seeks compensatory and punitive damages, attorney's fees and costs, and declaratory relief and purports to waive his right to trial by jury. (*Id.*, pp. 6–7).

## APPLICABLE LEGAL STANDARDS

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682

F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). The analysis of a complaint pursuant to § 1915(e)(2)(B)(ii) "is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"*Jones v. Lumpkin*, No. 23-CV-4644, 2023 WL 8879767, at *2 (E.D. Pa. Dec. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted)) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

When assessing the plaintiff's complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id*. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, Rule 8 requires that "[e]ach allegation must be simple, concise, and *direct*." FED. R. CIV. P. 8(d)(1) (emphasis added). Rule 10 further requires "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." FED. R. CIV. P. 10(b). These rules, while not setting a high bar at the pleading stage, do require that plaintiffs abide by them at risk of pleading themselves out of a case. That may occur "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988 at

*1 (7th Cir. Oct. 26, 2021) ("unintelligibility justifies dismissal."). Further, these rules exist "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797; *see Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621 at *5 (N.D. Ill. May 28, 2013) ("First, a complaint must describe the plaintiff's claims and the ground supporting them in 'sufficient detail to give the defendants fair notice' of the claim alleged against them.").

## ANALYSIS

First, this Court notes that Plaintiff did not sign his Complaint (Doc. 3), his Motion for Leave to Proceed IFP (Doc. 4), or his Motion to Amend (Doc. 5). This expressly violates Federal Rule of Civil Procedure 11(a), which states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." For this reason alone, Plaintiff's Complaint must be dismissed with leave to amend and he must resubmit signed motions that comply with Rule 11.

Second, Plaintiff's Motion for Leave to Proceed IFP does not use this District's form and, thus, Plaintiff does not provide the information that is required for this Court to verify his indigency. (Doc. 4). While Plaintiff insists that he is not employed and does not have the financial resources to pay the filing fee, he must submit a signed copy of this District's IFP form. *See Forms*, U.S. DIST. CT., S.D. ILL., https://www.ilsd.uscourts.gov/forms-0 [https://perma.cc/7UZJ-FQH2] (last visited Dec. 18, 2025). Thus, this Motion will be denied without prejudice.

Third, Plaintiff's Motion for Leave to Amend to Substitute Jane Doe (Doc. 5) is premature. Should this case proceed beyond preliminary screening pursuant to 28 U.S.C. § 1915, this Court will establish a deadline for the identification of the unknown Defendants in this case. However, Plaintiff also includes a proposed amended complaint which alters the Defendants and claims he intends to bring in this case. (Doc. 5, Ex. 1). Plaintiffs are permitted to amend their complaint once as a matter of course within 21 days after serving it in accordance with Federal Rule of Civil Procedure 15(a)(1)(A). Plaintiff's complaint has not yet been served, so permission from this Court is required in accordance with Rule 15(a)(2). That being said, Plaintiff's proposed amended complaint suffers from the same defects (lack of signature in accordance with Rule 11, failure to comply with Rules 8 and 10, *see infra*) as does his operative Complaint. (Doc. 1). Therefore, this Motion will be denied without prejudice.

Fourth, Plaintiff's Motion for Service of Process at Government Expense must be denied, as well. (*See* Doc. 6). In his Motion, Plaintiff states that he is "proceeding in forma pauperis pursuant to 28 U.S.C. § 1915." (*Id.*, p. 2). This is also premature, as Plaintiff has not submitted the documentation that is required for this Court to determine whether or not he is indigent. As another premature motion, this Motion must also be denied without prejudice. However, to the extent that Plaintiff requests electronic filing privileges, this request will be granted in accordance with Local Rule 5.1(b)(2).

Fifth, examining Plaintiffs' Complaint in the light most favorable to him, assuming facts as true, and drawing any reasonable inferences, it is evident that

Plaintiff's Complaint does not state a claim, disregards Federal Rules of Civil Procedure 8 and 10, and appears to assert claims against various Defendants with little to no factual support. (*See* Doc. 3). To begin, Plaintiffs' Complaint fails to follow Rule 8's requirements that he make a short and plain statement for relief and simple, concise, and direct allegations. (*See* Doc. 3). Furthermore, Plaintiff's Complaint also fails to comply with Rule 10 because, although he does state each of his seven claims in a separate heading, they fail to allege *how* the facts underlying each claim apply to *each* Defendant. (*See id.*).

Moreover, Plaintiff's individual claims suffer from various defects. Plaintiff's claims about his arrest on January 8, 2023 may run afoul of Illinois's two-year statute of limitations. *See Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (citing 735 ILL. COMP. STAT. 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "The statute of limitations for a false-arrest claim 'begins to run at the time the claimant becomes detained pursuant to legal process,' meaning when the claimant is 'bound over for trial.'" *Id.* (quoting *Wallace*, 549 U.S. at 391, 397). In order to state a claim for malicious prosecution, "all the elements cannot be pled until the proceedings are terminated in the plaintiff's favor." *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Plaintiff admits that he pleaded guilty, meaning that the proceedings were, by definition, not terminated in his favor. (Doc. 3, p. 3). Plaintiff does not provide any details of the "citations" that were issued and how, exactly, they were retaliatory. (*Id.*, pp. 4–5). Regarding Plaintiff's improper contact with a minor claim, Plaintiff does not provide sufficient detail on his claim; the Seventh Circuit has stated that "[t]he liberty interest in familial privacy and integrity is 'limited by the compelling governmental

interest in the protection of children particularly where the children need to be protected from their own parents,' and does not include the right to be free from child abuse investigations." *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003), *as amended on denial of reh'g* (May 15, 2003) (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1019 (7th Cir. 2000) (citing *Brown v. Newberger*, 291 F.3d 89, 94 (1st Cir. 2002); *Watterson v. Page*, 987 F.2d 1, 8 (1st Cir. 1993)). Thus, Plaintiff has not adequately pleaded the facts underlying this claim.

Additionally, Plaintiff's admitted guilty plea waives any challenge to "nonjurisdictional defects that arose before the plea," including his speedy-trial claims. *United States v. Washington*, 523 F. App'x 393 (7th Cir. 2013) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Combs*, 657 F.3d 565, 568–69 (7th Cir. 2011); *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012); *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008); *Washington v. Sobina*, 475 F.3d 162, 165–66 (3d Cir. 2007)). Finally, Plaintiff provides zero factual details to support claims of "abuse of authority" or intentional infliction of emotional distress.

28 U.S.C. § 1915(e)(2) expressly states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal" either "is frivolous or malicious" or "fails to state a claim on which relief may be granted." The Seventh Circuit has defined "frivolous" as "lack[ing] an arguable basis either in law or in fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). That being said, in the interest of justice, this Court will provide Plaintiff Webb with an opportunity to submit an amended

complaint in accordance with Federal Rule of Civil Procedure 15(a)(2) as well as a renewed IFP motion that complies with this Court's requirements. Plaintiff's new pleadings shall comply with Rules 8 and 10 and shall cure all of the defects noted in this Order. Plaintiff's renewed IFP Motion must clearly establish his indigency.

## CONCLUSION

Therefore, Plaintiff Terry Webb's Complaint (Doc. 3) is **DISMISSED without prejudice**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), Motion for Leave to Amend to Substitute Jane Done (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6) are all **DENIED without prejudice**. Plaintiff Webb may file an amended complaint and a renewed motion for leave to proceed *in forma pauperis* no later than January 9, 2026. To clarify, the Court must *receive* these documents no later than January 9, 2026. Failure to do so will result in dismissal of this case for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

Additionally, Plaintiff Webb's request for electronic filing privileges is **GRANTED**. *See* Local Rule 5.1, Electronic Case Filing Rule 1. Plaintiff is hereby granted access to the District Court's electronic case filing system with respect to this case. Plaintiff is **ADVISED** that the Clerk's Office will no longer mail him paper copies of documents that are filed in this case. In order to access the system, Plaintiff must first enroll to use CM/ECF in the Southern District of Illinois by obtaining a personal PACER account at: https://www.pacer.gov, as this District uses the NextGen

version of CM/ECF. Plaintiff must then complete the application for "Non-Attorney E-File Registration" located on the Maintenance Tab within his personal PACER account. For more information regarding pro se filings via the CM/ECF system, see Electronic Case Filing Rules 1 and 2 and this Court's *Pro Se* Litigant Guide available on the Court's website.

**IT IS SO ORDERED.**

**DATED:  December 19, 2025**

> <ins>*s/ Stephen P. McGlynn*</ins>
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**