IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY WEBB,<br><br>        **Plaintiff,**<br><br>v.<br><br>ERIC MANKER, et al.,<br><br>        **Defendants.** | Case No. 25-CV-02187-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on an Amended Complaint (Doc. 17) and a renewed Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 15) filed by *pro se* Plaintiff Terry Webb. Plaintiff alleges that Defendants Sergeant Eric Manker, Officer Don Schachner, and Officer Jacob Farrell of the Illinois Department of Natural Resources Conservation Police and Smithton Police Officer Jane Doe "entered a private residence without a warrant, seized Plaintiff without probable cause, ignored Plaintiff's invocation of counsel, and transported him without lawful authority." (Doc. 17, p. 2). He insists that "Defendants violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments," that "the Village of Smithton is liable under Monell," and that the Illinois Department of Natural Resource is named as a Defendant "for declaratory and injunctive relief only." (*Id.*). Webb seeks "declaratory relief, compensatory damages, punitive damages, and injunctive relief." (*Id.*).

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Webb filed his original complaint and IFP Motion on December 15, 2025. (*See* Docs. 3, 4). This Court dismissed Webb's Complaint and denied his IFP Motion without prejudice on December 19, 2025. (Doc. 7). Webb was ordered to file an amended complaint and renewed IFP motion no later than January 9, 2026. (*Id.*). After Webb failed to file an amended complaint by January 9, this Court dismissed his case with prejudice on January 12, 2026 for want of prosecution. (Doc. 11). Webb filed a Motion for Reconsideration on January 15, 2026 in which he argued that his failure to file an amended complaint by the Court's deadline was due to excusable neglect. (Doc. 13). On January 15, 2026, This Court granted Webb's Motion, reopened this case, and ordered him to file his amended complaint and IFP motion instanter. (Doc. 14). Webb filed the pending IFP Motion on January 29, 2026 (Doc. 15) yet inexplicably failed to file an amended complaint. On January 30, this Court provided a Notice of Impending Dismissal warning Webb that failure to file an amended complaint by February 6, 2026 would result in dismissal of his case. (Doc. 16). Webb filed the instant Amended Complaint on February 4, 2026. (Doc. 17).

## APPLICABLE LEGAL STANDARDS

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682

F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). The analysis of a complaint pursuant to § 1915(e)(2)(B)(ii) "is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Jones v. Lumpkin*, No. 23-CV-4644, 2023 WL 8879767, at *2 (E.D. Pa. Dec. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified)) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

When assessing the plaintiff's complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id*. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, Rule 8 requires that "[e]ach allegation must be simple, concise, and *direct*." FED. R. CIV. P. 8(d)(1) (emphasis added). Rule 10 further requires "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." FED. R. CIV. P. 10(b). These rules, while not setting a high bar at the pleading stage, do require that plaintiffs abide by them at risk of pleading themselves out of a case. That may occur "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, at

\*1 (7th Cir. Oct. 26, 2021) ("unintelligibility justifies dismissal."). Further, these rules exist "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797; *see Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621, at \*5 (N.D. Ill. May 28, 2013) ("First, a complaint must describe the plaintiff's claims and the ground supporting them in 'sufficient detail to give the defendants fair notice' of the claim alleged against them.").

## ANALYSIS

To begin, this Court notes that once an amended pleading is filed, it supersedes the previous pleading entirely. "The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio." *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955). The Seventh Circuit has held that it is proper for a District Court to limit its analysis to the allegations raised in the operative complaint only. *See Reid v. Payne*, 841 F. App'x 1001, 1003 (7th Cir. 2021); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). *But see Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013). Unfortunately for Plaintiff Webb, his Amended Complaint (Doc. 17) contains even fewer factual details than his previous Complaint and, therefore, does not survive scrutiny for the same reasons as his previous Complaint. (*See* Docs. 1, 17). His Amended Complaint is approximately one page long, does not provide any factual details, does not state which claims he intends to bring against which defendants, does not specify his entitlement to damages, and does not describe the declaratory or injunctive relief he seeks. (*See* Doc. 1). Thus, Webb's Amended Complaint fails to

provide a short and plain statement for relief and simple, concise, and direct allegations and fails to clearly allege *how* the facts underlying each claim apply to *each* Defendant. *See* FED. R. CIV. P. 8, 10; (Doc. 7, pp. 7–8 (citing the same)). Moreover, Plaintiff's Amended Complaint does cure any of the defects this Court raised in its December 19, 2026 Order. (*See* Doc. 7, pp. 7–8). While Plaintiff Webb did submit a properly formatted IFP Motion, he did not provide a sufficient answer to question 7 of the form. (*See* Doc. 15). Even if he had, the fact that his Amended Complaint fails to state a claim means that his IFP Motion must be dismissed.

Recall that 28 U.S.C. § 1915(e)(2) expressly states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal" either "is frivolous or malicious" or "fails to state a claim on which relief may be granted." The Seventh Circuit has defined "frivolous" as "lack[ing] an arguable basis either in law or in fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This is certainly the case here. Moreover, this Court is satisfied that Plaintiff Webb has had sufficient opportunities to amend his pleadings and to litigate this case. *See Williams v. United States*, No. 22-3121, 2023 WL 5201740, at *2 (7th Cir. Aug. 14, 2023) (citing *Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022)) ("[P]laintiffs are ordinarily entitled to at least one chance to amend their complaints after a dismissal, unless amendment would be futile."). Therefore, this case shall be dismissed.

## CONCLUSION

Therefore, Plaintiff Terry Webb's Amended Complaint (Doc. 17) is **DISMISSED with prejudice**. Plaintiff's Motion for Leave to Proceed *in forma*

*pauperis* ("IFP") (Doc. 15) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  February 5, 2026**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
